```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            ::
UNITED STATES OF AMERICA,                                   :
                                                            :
            -v-                                             :
                                                            :           S4 15-CR-153 (VSB)
DEAN JONES,                                                 :
    a/k/a "Korrupt,"                                        :           ORDER
    a/k/a "Blacko,"                                         :
    a/k/a "Christopher C. Walker,"                          :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2017

VERNON S. BRODERICK, United States District Judge:

I am in receipt of the following documents, among others, related to evidence produced by the Forensic Statistical Tool ("FST") filed by the parties: (1) Defendant's motion to exclude evidence produced by FST and request for a *Daubert* hearing, (Doc. 15), accompanying memorandum of law, (Doc. 16), and exhibits; (2) the Government's opposition to Defendant's motion, (Doc 19), and exhibits; and (3) Defendant's reply memorandum in support of his motion, (Doc. 21). I am also in receipt of the parties' letters submitted at my requests during a January 11, 2016 conference, and letters submitted in further support of their FST submissions, including (1) the Government's letter dated January 18, 2016 in response to my request during the January 11 conference (Doc. 29), with exhibits; (2) Defendant's letter dated January 18, 2016 in response to my request during the January 11 conference, (Doc. 30); (3) the Government's letter dated August 17, 2017 in support of its opposition to Defendant's motion to exclude certain expert testimony regarding the use of FST, (Doc. 292), with exhibits; (4) Defendant's letter dated August 28, 2017 in support motion to exclude certain expert testimony regarding the New York City Office of the Chief Medical Examiner's ("OCME") methodology and use of FST, (Doc.

1

299), with exhibits; and (5) the Government's reply letter dated September 1, 2017, (Doc. 302), with exhibits.

A *Daubert* hearing was held in this matter on November 6, 2017 and continued over several days until November 16, 2017. In addition to the testimony, the parties also submitted the *Frye* hearing testimony of Dr. Ranajit Chakraborty in *People v. Collins*. The parties' closing arguments in the *Daubert* hearing are scheduled for Tuesday, November 21, 2017. The parties should be prepared to answer the following questions and/or address the following issues during the November 21 conference:

1. In evaluating whether FST has been generally accepted in the scientific community, is the relevant inquiry (1) whether FST is based on scientific methods and principles (*e.g.*, likelihood-ratio statistical analysis and PCR/STR DNA testing) that are generally accepted in the scientific community or (2) whether FST itself is generally accepted in the scientific community?

2. Does FST's use of pre-set allelic drop-out rates speak to the weight of the DNA evidence being offered or the admissibility of that evidence?

3. Is Mr. Adams's employer, Forensic Bioinformatics, in the process of developing its own probabilistic genotyping program? If so, is Mr. Adams or Dr. Shapiro working on the development of such a program?

4. To date, has DNA evidence produced by FST ever been presented to a jury in a federal case?

5. To date, has any appellate court addressed the use of FST in either criminal or civil cases?

6. Is there legal support for or against the use of standards created after the technology being considered in connection with a *Daubert* challenge?

7. Dr. Shapiro testified on cross-examination that he had dinner with Dr. Prinz after seeing an article published in the *New York Times* on OCME, and that at the dinner, he got upset at Dr. Prinz. (*See* Hr'g Tr. 618:6-619:10.) Dr. Shapiro also testified that he was not upset because he was mad that Dr. Mitchell and Dr. Caragine won the award for FST. (*Id.* at 619:8-10.) What was the nature of the discussion/argument during the dinner with Dr. Prinz that upset Dr. Shapiro?

8. What is the nature of the other DNA evidence that the Government intends to offer during trial? What is the nature of Defendant's anticipated challenge, if any, to that evidence? Defense counsel need not respond to my prior question on the record, but should submit any response ex parte and under seal.

9. The extent to which the DNA found on the glove can be considered duplicative of other DNA evidence in this case (*i.e.*, the DNA found on the hat).

SO ORDERED.

Dated:   November 20, 2017
         New York, New York

Vernon S. Broderick
United States District Judge